Callahan, J.
Plaintiff brought this action to recover royalties claimed to be due under an agreement dated June 15, 1944, whereby it licensed to defendant-respondent the stage rights to the operetta “• The Merry Widow ” in certain cities in the United States. A prior agreement had been made between the same parties dated June 14, 1943, licensing the performance of the same play in the city of New York. The earlier contract had been fully performed at the time the latter one was signed,
l *344 and defendant-respondent had made payments of royalties under the first contract totaling $49,526.13. An additional $1,000 was paid as an advance against royalties under the second contract.
Plaintiff’s action was for $8,888.25 due under the 1944 contract. -Defendant-respondent counterclaimed for $50,526.13 against plaintiff and the impleaded defendant Brown, who was plaintiff’s undisclosed principal in the making of the contracts, contending that both agreements had been without consideration as the play “ The Merry Widow ” was in the public domain.
The claim that this play was in the public domain was based on the fact that the owner of the American rights, Henry W. Savage, who was Brown’s predecessor in title, had obtained an American copyright in the year 1907 and had failed to renew that copyright when it expired in 1935.
Among the contentions made by the plaintiff was that the copyrighted play was not the same as the one licensed. The issue as to whether the plays were the same was submitted to a jury, which was advised that, if it determined that they were substantially identical, they should award the defendant $50,526.13 upon its counterclaim. The jury found in favor of the defendant-respondent.
Plaintiff does not now dispute the correctness of the jury’s determination insofar as it rested upon the identity of the plays, but it contends that no issues should have been, submitted to the jury for several legal reasons, including one that any claim under the first contract had been released.
The claim of release was based upon the following recitals found in the second agreement:
“ Whereas an agreement was entered into between said Licensor and Producer for certain stage performing rights to the dramatico-musical work ‘ The Merry Widow ’, which agreement is dated June 14th, 1943, and
“ Whereas with respect to the New York performances of said operetta by the Producer, the Licensor has carried out all its obligations to the Producer, and the Producer has met all its obligations to the Licensor, and the one is in no way indebted or obligated to the other except as hereinafter provided # * * ? >
The trial court ruled as a matter of law that the foregoing recitals did not constitute a release and were no bar to the defendant-respondent’s counterclaim for return of the moneys paid under the first contract. It refused to receive any evidence throwing light on the question of intent of the parties with *345 respect to release and denied a request by plaintiff to submit the issue of release to the jury.
We think that the claim of release presented a question for the jury. No particular form of words is necessary to constitute a valid release, so long as an intention to renounce a claim or discharge a debt is evidenced.
There was some proof that before the execution of the second document defendant-respondent was informed of an attack by another theatrical producer on plaintiff’s right to license “ The Merry Widoiv ’ ’. If the matter of the right of plaintiff to license “ The Merry Widow ” was in the contemplation of the parties at the time that the second contract was executed, we think that the language quoted would indicate an intention to release any claim under the first contract. The issue as to whether such rights were within the contemplation of the parties and any other issue as to their intention were issues of fact for submission to the jury.
For the reasons indicated we modify the judgment, so far as appealed from, by reducing the recovery of the defendant-respondent on its counterclaim to the • sum of $1,000 advanced' under the second contract, and sever the issue as to its right to recover the $49,526.13 paid under the first contract, and order a new trial with respect thereto, with one bill of costs to the appellants to abide the event.
G-uennon and Peck, JJ., concur; Cohn and Van Voorhis, JJ., dissent and vote to affirm.
Judgment, so far as appealed from, modified by reducing the recovery of the defendant-respondent on its counterclaim to the sum of $1,000 advanced under the second contract, the issue as to its rights to recover the $49,526.13 paid under the first contract severed and a new trial ordered with respect thereto, with one bill of costs to the appellants to abide the event. Settle order on notice. [See post, p. 997.]